McMillan, judge.
The appellant, Kelley J. Anderson, appeals from his conviction for robbery in the first degree, a violation of § 13A-8-41(b), Ala.Code 1975. He was sentenced to life imprisonment, ordered to pay a $2,500 fine, $100 to the victims compensation fund, and to reimburse the State $600 for attorney fees.
Anderson argues the trial court deprived him of his constitutional right to represent himself. He argues that he “not only [had] the ability to represent himself but made a voluntary and intelligent waiver of counsel.”
The record indicates that in the proceedings that led to his trial, Anderson unequivocally and repeatedly asserted his right to self-representation. Anderson first expressed his desire to proceed pro se in a motion filed on August 30, 2004. At the hearing on the motion, conducted on May 11, 2005, the following colloquy occurred between the trial court and Anderson, during which the trial court warned Anderson of the perils of going to trial without counsel:
“[The court]: All right.... Anderson, first of all, do you want to represent yourself or do you want a lawyer?
“[Anderson]: I would like to pursue that possibility with you, Your Honor. I would certainly like to discuss it.
“[The court]: Well, which one? Do you want to represent yourself or do you want a lawyer?
“[Anderson]: I would like to represent myself with standby counsel.
“[The court]: Why? Tell me why you think you’re better than someone that has been trained and experienced in the practice of law and in trial and in criminal practice, how you would be able to represent yourself better than they would be able to represent you.
“[Anderson]: It’s my hide that’s on the line here. I do have — Please don’t think I’m trying to be an attorney. I’m not. “[The court]: Well, you’re gonna be. If you represent yourself, you’re gonna be an attorney, and I want you to understand something, people that represent themselves, whether they’re on a criminal case or a civil case, when they sit down and they say they want to be an attorney ... then you’re gonna be expected to know the rules and know the procedures and if you don’t do it right, you’re right, it’s gonna be your hide and I ain’t gonna protect it. Don’t think that I’m here to be your lawyer. I’m not. I’m here to make sure that the proceedings proceed fairly and directly and efficiently and that you get a fair trial, not a perfect trial, not a trial that you want to go your way. It may or may not go your way.
“[Anderson]: I understand that, Your Honor.
“[The court]: But here’s the problem I have: Every time people want to represent themselves and then their case goes south on them, they want to blame me for not making them have a lawyer.
“[Anderson] That’s why I requested standby counsel.
*88 “[The court]: No. Either you got a lawyer or you ain’t got a lawyer. I mean, that’s what a lawyer is for is to do the work for you. Now, if you want him to advise you and help you, I will give you one.
“[Anderson]: That’s what I’m asking for, for standby counsel to advise me to assist me.
[[Image here]]
“[The court]: Okay. It’s granted. You can represent yourself. You will have standby counsel of Mr. Bruijn.”
The record indicates Anderson was allowed the requested form of representation until September 2005, when the trial court, after granting Bruijn’s motion to withdraw as standby counsel, appointed counsel Wilson Myers to represent Anderson. On October 3, 2005, Myers filed a motion opposing Anderson’s evaluation for competency to stand trial. On October 5, 2005, Anderson withdrew his plea of not guilty by reason of insanity or mental defect and entered a plea of not guilty. Anderson, on October 18, 2005, filed another motion to proceed pro se, reaffirming his desire to represent himself. On October 19, 2005, Myers filed a motion to withdraw as Anderson’s counsel on grounds that Anderson had filed a motion seeking to represent himself. Myers asked the trial court to be allowed to assume the role as “consultant/advisor.” On October 31, 2005, the trial court conducted a hearing on the motion and the following colloquy occurred:
“[Myers]: ... [T]he only motion Mr. Anderson would like to argue at this point is his motion to proceed pro se. He would like to renew that motion very briefly. He would like to get up on the stand and testify as to why he would like to proceed pro se unless you’re willing to let him address the Court.
“[The court]: I’m willing to let him address the Court on that issue. “[Anderson]: Thank you, Your Honor.
“On 8-30-04, I originally filed a motion to proceed pro se. I know you’ve heard some of this but I’ll be brief. On 1-26-05, I filed again to proceed pro se. On 3-1-05, I filed again which was denied by you on 3-16-05, of course, without me ever being brought to court. On 5-11-05,1 was first brought to court and granted my pro se status. On 9-8-05, you took it away.
“Your Honor, I’m quoting — You said not to quote a case unless I have it. I happen to have it. Faretta — F-A-R-RE-T-A[sic] — v. California. It’s a United States Supreme Court case, 422 U.S. 806, and the Supreme Court of the United States of America says, ‘A defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intellectually elects to do so.’
“I’m reaffirming my request for that. As you know, this case has had a bunch of different attorneys — there’s one page on the back I need to read — that this case has had a bunch of different attorneys involved.
“Everybody has run this case but the one person—
“[The court]: Is that what you want back?
“[Anderson]: I’m sorry.
“Everybody’s run this case, Your Honor, but the one person that’s entitled to run it by the United States Constitution and that’s me. I don’t care what Mr. Stan-koski did. I don’t care.
“[Prosecutor Green]: Stankoski?
“[Anderson]: Stankoski, Mr. Bruijn, Mr. Donald Doerr — I see in the courtroom— and Mr. Myers. They’ve all had a say in my trial but nobody will listen to me.
*89 “You say I file too many motions. I didn’t realize there was a limit.
“[The court]: I didn’t mean that.
“[Anderson]: I really don’t think that you can honestly find one frivolous— well, there may be one or two. I’ll grant you that. But every one I have, I had a purpose behind.
“[The court]: I’ll accept that.
“[Anderson]: You know, I — maybe I say things that, perhaps, you’re not used to in a court of law, and I respect the bench more than you’ll ever know, but I’m entitled to represent myself, Your Honor. You’ve got everybody else running this shindig, but me and I’m the guy that you’re gonna send to prison, not Mr. Myers or the crowd in the back row, but me. And things aren’t being run the way I want them.
“And I can’t tell a skilled lawyer what to do because they don’t want to hear it. They say, well, we don’t want to listen to you, if you’re so smart, you’d have been a lawyer, but they’re not the ones going to prison ...
[[Image here]]
“[The court]: But the case will have to run under the Rules of Evidence, skilled attorney or otherwise.
“[Anderson]: That’s why if you leave— the only way I would like this deal, if you call it, is if Mr. Myers continues as my standby counsel.
“[The court]: The comment by the judge was you’re gonna follow the procedure; you’re gonna have to ask the questions right; if there’s an objection to the form of the question and it is properly taken, it is going to be sustained; we are going to treat you like a gentleman; we’re going to respect you; we’re going to give you every chance but you are going to play by the ground rules that everybody plays.
“And you don’t know those ground rules. You wouldn’t know those ground rules any more than any other lawyer will know those ground rules until he gets here and tries cases and you haven’t done that. That was what the judge said to Mr. Faretta.
“And I have some real concerns, Mr. Anderson, that you’re gonna ask me during the course of the trial if you are allowed to represent yourself — I have some real concerns that either directly or indirectly you’re gonna seek to try to change the ground rules as we go during the trial.
“And that would probably be from a lack of knowledge of how the court and Rules of Evidence work, but I really believe that that’s what you would try to do.
[[Image here]]
“[Anderson]: You have my word as a gentleman, Your Honor, that I will do the best I can and uphold the dignity of your court and if by some chance I can’t, then—
“[The court]: I’m not inclined to grant it at this point in time. I’m just not, given the history in this case, given the procedural history.
“I’m gonna give you some leeway during the course of the trial that if we can — if there are particular areas during the trial that you feel the need to actively participate as far as questioning, I may allow you to do that with certain witnesses but we’ll address that when that time comes.
“If there’s a particular witness that you feel it’s best for you to try to address directly—
“[Anderson]: So the motion to represent myself is, in fact, denied?
“[The court]: Yes.
“[Anderson]: Okay, I object.
*90 “[The court]: Noted.”
On the day of trial, Anderson, before jury selection, made the following argument: •
“[Anderson]: I mean, I’m getting ready to face a trial for my life and you’ve appointed an attorney to represent me against my wishes. Mr. Myers may be a fine attorney. He’s not doing things the way that I wanted them done. There’s witnesses that should have been called that haven’t been called. There’s things that should have been done that haven’t been.
“[The court]: I’m sure we’ll hear about it at the Rule 32, Ala. R.Crim. P., proceeding, if we ever get to that point. “[Prosecutor]: And, Judge, the State absolutely agrees with Mr. Anderson that he has an absolute right to represent himself.
“[Anderson]: That’s all I’m asking, Your Honor.
“[The court]: I’m gonna let him be co-counsel and he can conduct some of the cross-examinations.
“[Anderson]: Your Honor, I’m just gonna decline that offer because I don’t want the appeals court to look and say, well, you ran 50 percent of it. It’s all or nothing.
“[The court]: Okay. It will be nothing then because I’m not gonna grant you all of it.”
In Tomlin v. State, 601 So.2d 124, 128 (Ala.1991), the Alabama Supreme Court stated:
“In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must ‘knowingly’ and ‘intelligently’ waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. At 2541. The defendant ‘should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that “he knows what he is doing and his choice is made with eyes open.” ’ Faretta, 422 U.S. at 835, 95 S.Ct. at 2541 (other citations omitted).”
See also Coughlin v. State, 842 So.2d 30, 33-35 (Ala.Crim.App.2002); Westmoreland v. City of Hartselle, 500 So.2d 1327, 1328 (Ala.Crim.App.l986)(a waiver of counsel can be effectuated only when the defendant asserts a “clear and unequivocal” right to self-representation); Pratt v. State, 851 So.2d 142, 144 (Ala.Crim.App.2002)(“ ‘The constitutional “right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused ... ” ’ ”).
Rule 6.1(b), Ala. R.Crim. P., provides a framework to ensure that an accused’s waiver of counsel is knowing and intelligent:
“A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant’s waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings. When a defendant waives the right to counsel, the court may appoint an attorney to advise the defendant during any stage of the proceedings. Such advisory counsel shall be given notice of all matters of which the defendant is notified.”
Certainly, the provisions of Rule 6.1(b) are mandatory, and, if the defendant properly *91 preserves and presents an argument on. appeal that the trial court erred in its application of the mandatory provisions of Rule 6.1(b), he is entitled to relief. See, e.g., Ex parte King, 797 So.2d 1191 (Ala.2001).
Here, the record is clear as to Anderson’s waiver and request of self-representation. The record indicates that during numerous pretrial hearings, both the State and trial counsel acknowledged that Anderson had a constitutional right to self-representation. Although experience and skill in the legal system are not necessary to represent oneself, Anderson’s literacy and capability are demonstrated by several pro se motions and letters contained in the record. Moreover, he informed the trial court that he was not a novice to the legal system, having been previously convicted in state and federal courts. See Tomlin v. State, 601 So.2d at 129 (“This court looks to a totality of the circumstances involved in determining whether the defendant knowingly and intelligently waived his right to counsel.”).
It is apparent from a reading of the record that Anderson was seeking to represent himself and that, if necessary, he would accept the trial court’s order of standby counsel so that he could represent himself. There is no indication from the record that Anderson was attempting to use some type of “hybridized representation” of his own design. See, e.g., Moody v. State, 888 So.2d 532, 560 (Ala.Crim.App.2003); Baker v. State, 933 So.2d 406 (Ala.Crim.App.2005) (The trial court did not err in denying the defendant’s request for a “sit-in attorney.”).
Although the Constitution guarantees an accused the right to assistance of counsel in his defense, it also guarantees him the right to abandon the assistance of counsel and to present his own defense. Because the record supports Anderson’s argument that he made a knowing and intelligent decision to forgo counsel, the trial court abused its discretion in denying him his constitutional right of self-representation at the trial level. Therefore, we reverse Anderson’s convictions and remand the cause for a new trial at which Anderson should be permitted to represent himself.
Because we are reversing the convictions and remanding this cause for a new trial, we pretermit discussion of the remaining issues raised on appeal.
REVERSED AND REMANDED.
SHAW, WISE, and WELCH, JJ., concur; BASCHAB, P.J., recuses herself.